IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ERIC MEADOWS,**

   **Petitioner,**

v.              Case No.: 2:23-cv-00399

**SHELBY SEARLS,**

   **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

  Petitioner, Eric Meadows, filed the instant § 2254 petition for a writ of habeas corpus. (ECF No. 2). Pending before the Court is Respondent's motion to dismiss. (ECF No. 10). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 10), be **GRANTED**; Meadows's petition, (ECF No. 2), be **DENIED** for failure to exhaust state court remedies; and this matter be **DISMISSED**, without prejudice, and **REMOVED** from the docket of the court.

**I.** **Relevant History**

  In May 2021, a Kanawha County grand jury returned a ten-count felony indictment in case number 21-F-140, charging Meadows and two co-defendants with

various offenses related to the theft of an off-road utility vehicle. (ECF No. 10-1 at 6; ECF No. 11 at 2). Meadows was charged with three felonies—grand larceny, possession of a stolen vehicle, and first-degree robbery—and one misdemeanor—contributing to the delinquency of a minor. (ECF No. 10-1 at 6; ECF No. 11 at 2). Separate from the indictment, Meadows was also charged by information with misdemeanor battery in case number 22-M-27(I). (ECF No. 11 at 2). The State entered into a plea agreement with Meadows. (ECF No. 10-3; ECF No. 11 at 2). Pursuant to the agreement, Meadows pleaded guilty to two lesser included offenses, attempted grand larceny and petit larceny, as well as to the misdemeanor battery charge. (ECF No. 2 at 1; ECF No. 10-7 at 1; ECF No. 11 at 2). In exchange, the State agreed to dismiss the remaining charges, not pursue a recidivist sentencing enhancement, and recommend that Meadows be sentenced to a period of home confinement. (ECF No. 10-3 at 1–2; ECF No. 11 at 2). The Circuit Court of Kanawha County ("Circuit Court") accepted Meadows's plea agreement on March 7, 2022, having found his plea was knowing and voluntary. (ECF No. 10-7). On May 27, 2022, the Circuit Court sentenced Meadows to an indeterminate term of one to three years for the attempted grand larceny conviction, one year for petit larceny, and one year for battery, with the latter two sentences set to run consecutive to the attempted grand larceny sentence. (ECF No. 10-8 at 1).

On July 29, 2022, Meadows, by counsel, filed his first motion for reconsideration of sentence, requesting the court commute his sentence to probation and allow him to attend a long-term drug rehabilitation treatment program. (ECF No. 10-9). Meadows filed an amended motion for reconsideration of sentence on August 5, 2022, adding more details about the proposed drug rehabilitation program. (ECF No. 10-10). The Circuit Court denied the motion for reconsideration on August 19, 2022.

(ECF No. 10-11). Meadows then filed a second, *pro se* motion for reconsideration, which was denied on August 31, 2022. (ECF No. 10-12; ECF No. 10-13). In December 2022, Meadows filed a "petition for writ of habeas corpus" which the Circuit Court construed as a motion under W. Va. R. Crim P. 35(b), because the petition made no constitutional claims and merely reiterated the arguments asserted in Meadows's prior motions for reconsideration. (ECF No. 10-14). The Circuit Court denied the motion on January 24, 2023. (ECF No. 10-15).

Meadows filed the instant § 2254 petition on May 16, 2023. (ECF No. 2 at 6). In his petition, Meadows argues that his trial counsel was ineffective. He alleges that she "did not have [Meadows's] best interest at hand," "pushed the plea agreement at [him]", and "conspired with the prosecutor to get [Meadows] to take the plea agreement." (*Id.* at 4). He also claims that his guilty plea was coerced, and he states that he was repeatedly told that if he did not plead guilty, he would be charged as a recidivist and face additional prison time. (*Id.*). Meadows did not raise any of these grounds in a prior direct appeal or collateral attack in the state courts. (ECF No. 2 at 1–2; ECF No. 11 at 8–9).

On August 3, 2023, Respondent filed a motion to dismiss and accompanying memorandum of law, arguing that Meadows has not exhausted his state court remedies. (ECF Nos. 10, 11). Respondent attached to the motion to dismiss: Meadows's indictment, (ECF No. 10-1); the criminal complaint against him, (ECF No. 10-2); the written plea offer executed by Meadows, (ECF No. 10-3); the rights waived by his guilty plea, (ECF No. 10-4); his statement in support of his guilty plea, (ECF No. 10-5); the written guilty plea, (ECF No. 10-6); the Circuit Court's guilty plea order, (ECF No. 10-7); the Circuit Court's sentencing order, (ECF No. 10-8); Meadows's first motion for

3

reconsideration, (ECF No. 10-9); Meadows's amended motion for reconsideration, (ECF No. 10-10); the Circuit Court's order denying the motion for reconsideration, (ECF No. 10-11); Meadows's second, *pro se* motion to reconsider, (ECF No. 10-12); the Circuit Court's order denying the *pro se* motion for reconsideration, (ECF No. 10-13); Meadows's *pro se* state habeas petition (construed as a motion for sentence reduction under Rule 35(b)) (ECF No. 10-14); the Circuit Court's order denying the Rule 35(b) motion, (ECF No. 10-15); a letter from the Supreme Court of Appeals of West Virginia advising that it had no records to release to Meadows, (ECF No. 10-16); the docket sheet in case number 21-F-140, Meadows's criminal case, (ECF No. 10-17); and the docket sheet in case number 22-P-444, Meadows's state habeas petition (construed as Rule 35(b) motion), (ECF No. 10-18). Meadows filed a response to Respondent's motion to dismiss. (ECF No. 13). However, instead of addressing the issue of exhaustion or elaborating on the constitutional claims made in his petition, the response restates the arguments he made to the Circuit Court in his motions for sentence reduction. (*Id.*). Essentially, Meadows argues that he should be released from custody, because he is not a danger to society and he has served 464 days of his sentence. (*Id.*).

## II.  Standard of Review

Respondent moves to dismiss Meadows's petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10). When deciding a motion under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent

4

unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(b)(6) motion to dismiss in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). The court may also consider "matters of public record," including documents from prior or pending court proceedings, without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Id.*

## III.  Discussion

Before a state prisoner can bring a § 2254 petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Exhaustion requires the prisoner invoke "one complete round" of the state's appellate or collateral review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In West Virginia, prisoners may exhaust their available state court remedies either by presenting cognizable federal constitutional claims in a direct appeal to the

Supreme Court of Appeals of West Virginia ("WVSC"), or by pursuing such claims in a petition for a writ of habeas corpus in a state circuit court under West Virginia Code § 53-4A-1 and appealing any adverse ruling by filing a petition in the WVSC. *See Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986). In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner fails to exhaust state court remedies, his federal habeas petition typically is dismissed. *See Preiser*, 411 U.S. at 477.

In a federal habeas action, the burden rests with the petitioner to show that all of the claims were exhausted. *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008). Meadows does not dispute the State's contention that neither of his claims is exhausted, nor does he challenge the supporting documents. Meadows did not file a direct appeal from his convictions. (ECF No. 2 at 1; ECF No. 11 at 8–9). Although he filed a document entitled "petition for writ of habeas corpus" with the Circuit Court of Kanawha County, (ECF No. 10-14), his "petition" merely sought a sentence reduction and did not raise any constitutional errors, leading the Circuit Court to construe the filing as a motion for sentence reduction pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. (ECF No. 10-15). The denial of that motion was not appealed.

Consequently, the record conclusively establishes that the constitutional claims which Meadows now raises—ineffective assistance of counsel and a coerced confession—have not previously been raised in any state court proceedings. Before he may bring these claims in a federal habeas petition, Meadows must exhaust his state

court remedies by presenting his claims to the state courts and finishing one complete round of the state's judicial process. *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997) ("[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts.") (quoting *Picard,* 404 U.S. at 275-78). Accordingly, the undersigned **FINDS** that Meadows's petition must be dismissed for failure to exhaust state court remedies.

### IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 10), be **GRANTED**; Meadows's petition (ECF No. 2) be **DENIED**; and this matter be **DISMISSED**, without prejudice, and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit

7

Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: September 26, 2023

Cheryl A. Eifert
United States Magistrate Judge